1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA, <div align="right">Plaintiff,</div> v. JAVIER RODRIGUEZ, individually and d/b/a ANTOJITOS COLOMIANOS, <div align="right">Defendant.</div> | Case No.: 20-CV-2229 JLS (AHG) **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** (ECF No. 10) |

Presently before the Court is Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media's ("Plaintiff") Motion for Attorneys' Fees and Costs ("Mot.," ECF No. 10). The Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 11. After reviewing Plaintiff's Motion and supporting evidence and the relevant law, the Court **GRANTS IN PART** Plaintiff's Motion, as follows.

## BACKGROUND

On October 27, 2021, the Court granted Plaintiff's motion for default judgment and granted Plaintiff fourteen days in which to file a motion for attorneys' fees and costs. *See generally* ECF No. 8 (the "Order"). The Court incorporates by reference the background

as set forth in the Order.  *See id.* at 1–3.  On November 10, 2021, Plaintiff timely filed the instant Motion.  *See* Mot.

<div align="center">

**LEGAL STANDARD**

</div>

"Any person aggrieved by any violation of [the Communications Act of 1934] may bring a civil action in a United States district court."  47 U.S.C. § 605(e)(3)(A).  "The court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  *Id.* § 605(e)(3)(B)(iii).

The Court calculates a reasonable fee award using a two-step process.  *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the *Kerr* [*v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992),] factors that are not already subsumed in the initial lodestar calculation."  *Fischer*, 214 F.3d at 1119 (citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996)).

<div align="center">

**ANALYSIS**

</div>

Given that the Court previously granted default judgment in Plaintiff's favor on its Communications Act claim, *see* Order at 7, Plaintiff is "an aggrieved party who prevails" and is accordingly entitled to fees and costs.  *See G & G Closed Cir. Events, LLC v. Hernandez*, No. 20-CV-2112-MMA (RBB), 2021 WL 3290422, at *2 (S.D. Cal. Aug. 2, 2021).  Nonetheless, the Court must assess the reasonableness of the fees requested.

## I.   Attorneys' Fees

Plaintiff seeks attorneys' fees in the amount of $3,078.50.  *See* Mot. at 7.  Three timekeepers—an attorney, a research attorney, and an administrative assistant—worked on this matter.  Decl. of Plaintiff's Counsel Regarding Attorneys' Fees and Costs ("Riley Decl.," ECF No. 10-1) ¶ 5.  Mr. Thomas P. Riley, the principal of his firm, worked 1.8

<div align="center">

2

</div>

hours at the rate of $550 per hour.  *Id.* Ex. 1 ("Time Records") at 2.  A research attorney worked 5.0 hours at the rate of $300 per hour.  *Id.*  Finally, an administrative assistant worked 5.35 hours at the rate of $110 per hour.  *Id.*  The time records are not contemporaneous, but rather "are reconstructed by way of a thorough review of the files themselves." *Id.* ¶ 7.

"'The lodestar determination has emerged as the predominate element of the analysis' in determining a reasonable attorney's fee award." *Morales*, 96 F.3d at 363 (quoting *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*  (citing *McGrath v. Cty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)).

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  "[T]he relevant community is the forum in which the district court sits." *Id.*  (citing *Barjon v. Dalton*, 132 F.2d 496, 500 (9th Cir. 1997)).  "[A]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Id.* at 980 (second and third alterations in original) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).  The Court may also consider cases setting reasonable rates during the time period in which the fees in the present action were incurred, *see Camacho*, 523 F.3d 973, 981 (9th Cir. 2008) (citing *Bell v. Clackamas Cty.*, 341 F.3d 858, 869 (9th Cir. 2003)), which—in this case—is between 2019 and 2021.  *See Bell*, 341 F.3d at 869 (holding that district court abused its discretion in applying "market rates in effect more than two years *before* the work was performed") (emphasis in original).  "Once the fee applicant has proffered such evidence, the opposing party must produce its own

affidavits or other evidence to rebut the proposed rate." *Cortes v. Metro Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005) (citing *Phelps Dodge Corp.*, 896 F.2d at 407).

In addition, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 434. "The district court . . . should exclude . . . hours that were not 'reasonably expended'" and "hours that are excessive, redundant, or otherwise unnecessary." *Id.* "[T]he [opposing party] bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath*, 67 F.3d at 255 (citing *Blum*, 465 U.S. at 892 n.5; *Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir. 1995)). "Overlitigation deemed excessive does not count towards the reasonable time component of a lodestar calculation," *Puccio v. Love*, No. 16-CV-02890 W (BGS), 2020 WL 434481, at *6 (S.D. Cal. Jan. 28, 2020) (citing *Tomovich v. Wolpoff & Abramson, LLP*, No. 08cv1428-JM (BLM), 2009 WL 2447710, at *4–5 (S.D. Cal. Aug. 7, 2009)), although the Ninth Circuit has also instructed that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

"[I]n appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr*." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *D'Emmanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1383 (9th Cir. 1990), *overruled on other grounds by Dague*, 505 U.S. 557). The *Kerr* factors are:

> (1) the time and labor required[;] (2) the novelty and difficulty of the questions involved[;] (3) the skill requisite to perform the legal service properly[;] (4) the preclusion of other employment by the attorney due to acceptance of the case[;] (5) the customary fee[;] (6) whether the fee is fixed or contingent[;] (7) time limitations imposed by the client or the circumstances[;] (8) the amount involved and the results obtained[;] (9) the experience, reputation, and ability of the attorneys[;] (10) the 'undesirability' of the case[;] (11) the nature and length of the professional relationship with the client[;] and (12) awards in similar cases.

526 F.2d at 70.  "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation."  *Intel Corp.*, 6 F.3d at 622 (citing *D'Emanuele*, 904 F.3d at 1383).  While the court may rely on any of these factors to increase or decrease the lodestar figure, there is a "'strong presumption' that the lodestar is the reasonable fee."  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting *City of Burlington*, 505 U.S. at 562); *accord Harman v. City & Cty. of San Francisco*, 158 Cal. App. 4th 407, 416 (2007).

Plaintiff's counsel provides the Court with two prior orders from within this District approving similar hourly rates for him and his staff in similar, recent matters.  *See* Riley Decl. Ex. 4 (approving same fees); *id.* Ex. 6 (approving $500 for Mr. Riley, $300 for his research associate, and $100 for an administrative assistant).  Based on the Court's own experience and Mr. Riley's statements concerning the qualifications of the research attorney and himself, *see* Riley Decl. ¶ 3, the Court finds that these fees are reflective, if toward the high end, of the prevailing market rates in the relevant community.

Next, Plaintiff's counsel seeks reimbursement for 6.8 hours of lawyer time and 5.35 hours of paralegal time.  *See* Time Records.  The Court notes that these are reconstructed rather than contemporaneous time records, *see* Riley Decl. ¶ 7, and that Plaintiff's counsel has previously been advised that, "[a]bsent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the [c]ourt gives little weight to the figures provided by [p]laintiff."  *J & J Sports Prods., Inc. v. Barajas*, No. 115CV01354DADJLT, 2017 WL 469343, at *3 (E.D. Cal. Feb. 2, 2017) (citation and internal quotation marks omitted); *see also G&G Closed Cir. Events, LLC v. Flores*, No. 3:20-CV-0802-BEN-RBB, 2021 WL 2580517, at *2 (S.D. Cal. June 23, 2021) (reducing Plaintiff's counsel's lodestar by 25% due to lack of contemporaneous billing records).  The Court further notes that many of the estimated hours and tasks for both the administrative assistant and Mr. Riley are duplicative (e.g., 0.25 hours for both the administrative assistant and Mr. Riley for initial file review (and preparation) on November

25, 2019; and 0.1 hours for both the administrative assistant and Mr. Riley for review (and filing) of the summons on November 16, 2020). *See* Time Records. Finally, the Court notes that the filings in this case appear to be form filings submitted with little to no modification from prior cases. *Compare, e.g.*, Motion, *with* ECF No. 10, *G & G Closed Circuit Events, LLC v. Zarazua*, 20-CV-988 DMS (MDD) (filed Apr. 9, 2021) (virtually identical fees motion and supporting declaration); ECF No. 6 (Motion for Default Judgment), *with* ECF No. 6, *G & G Closed Circuit Events, LLC v. Zarazua*, 20-CV-988 DMS (MDD) (filed Jan. 8, 2021) (virtually identical motion for default judgment).

Combined, the Court finds that the above factors render the hours requested unreasonable. To remedy this, the Court approves only the lower-billing timekeeper's time entry for duplicative records (i.e., the administrative assistant rather than Mr. Riley). Further, the Court will reduce by 20% the remaining time to account for potential overbilling as a result of both reconstructed as opposed to contemporaneous records and the use of form filings. Accordingly, the Court calculates the adjusted lodestar as follows:

| Timekeeper | Hours Approved | × 20% Reduction | Hourly Rate | Subtotal |
|---|---|---|---|---|
| TPR | 0.70 | 0.56 | $550.00 | $308.00 |
| RSA | 5.00 | 4.00 | $300.00 | $1,200.00 |
| AA | 5.35 | 4.28 | $110.00 | $470.80 |
| Total | | | | **$1,978.80** |

## II. Costs

Plaintiff's counsel also seeks costs in the amount of $1,755.00, comprising $400.00 in filing fees, $80.00 for service of process fees, and $1,275.00 in investigative expenses ($625.00 for Innovative Investigations on December 30, 2019, and $650.00 for Lighthouse Investigative Services Inc. on December 31, 2019). *See* Time Records at 3. Plaintiff's counsel includes invoices for the two investigator payments, *see* Riley Decl. Ex. 2, but provides no details concerning the qualifications of the investigative firms or why the services of two such entities were required and what each did.

As noted above, the Communications Act provides for "the recovery of full costs . . . to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). However, "[m]ost courts in this circuit decline to award costs for pre-filing investigative fees under § 605." *G & G Closed Cir. Events, LLC v. Parker*, No. 320CV00801BENRBB, 2021 WL 164998, at *8 (S.D. Cal. Jan. 19, 2021) (citation and internal quotation marks omitted). Even were that not the case, Plaintiff's counsel has previously been denied investigative costs by other courts within the Ninth Circuit for failing to adequately document investigative expenses. *See, e.g.*, *Barajas*, 2017 WL 469343, at *5 (denying investigative cost request where Plaintiff's counsel provided an invoice only with no further supporting documentation); *Joe Hand Promotions, Inc. v. Albright*, No. CIV. 2:11-2260 WBS, 2013 WL 4094403, at *6 (E.D. Cal. Aug. 13, 2013) (same); *Parker*, 2021 WL 164998, at *8 (same).

Given that Plaintiff's counsel has provided only bare invoices to document the investigative costs sought, the Court finds those costs inadequately supported and denies them here. The Court will, however, award Plaintiff's counsel costs in the amount of $480.00 for filing and service of process fees.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Plaintiff's Motion (ECF No. 10). The Court **AWARDS** Plaintiff $1,978.80 in attorneys' fees and $480.00 in costs for a total adjusted award of $2,458.80. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: February 7, 2022

Hon. Janis L. Sammartino
United States District Judge